IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **CALVIN EVANS,** | : |
| Plaintiff | : |
| vs. | : NO. 5:05-CV-261 (CAR) |
| **TOMYLN T. PRIMUS, Sheriff;** <br> **RODREGUS SCOTT;** <br> **DEVON LAMAR; KIETH LAMAR;** <br> **RICK BROWN; S. McGEE; and** <br> **STEVEN MAYWEATHER,** | : |
| Defendants | : **PROCEEDINGS UNDER 42 U.S.C. § 1983** <br> **BEFORE THE U.S. MAGISTRATE JUDGE** |

# ORDER AND RECOMMENDATION

Plaintiff **CALVIN EVANS** filed the above-captioned pro se civil rights complaint under 42 U.S.C. § 1983. He also seeks leave to proceed without pre-payment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears plaintiff is unable to pay the cost of commencing this action, the request to proceed *in forma pauperis* is **GRANTED**.

## I. STANDARD OF REVIEW

### A. 28. U.S.C. § 1915(e)(2)

Notwithstanding any filing fee or portion thereof that might have been paid, the court is required to review prisoner complaints with a view toward dismissing the complaint or any portions thereof if the complaint: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 28 U.S.C. 1915A, 1915(e)(2).

1

An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989).  In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the court must dismiss a complaint "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B.  General Requirements of 42 U.S.C. § 1983

In any action under 42 U.S.C. § 1983, the initial question presented to the court is whether the essential elements of a § 1983 cause of action are present.  First, a plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution or laws of the United States.  Second, he must allege that the act or omission was committed by a person acting under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535, *overruled in part on other grounds,* 474 U.S. 327 (1986).

## II.  PLAINTIFF'S ALLEGATIONS

Plaintiff alleges in his complaint that he was attacked and beaten by defendants Rodregus Scott, Devon Lamar and Kieth Lamar all of whom are inmates at the Hancock County Detention Center.  Plaintiff alleges that he pressed the button to get an officer's attention to no avail.  Plaintiff states that he was not immediately taken to see a doctor.

Plaintiff states that he has been unable to get treatment for his teeth that were injured in the attack.  Plaintiff alleges that defendant Tomyln Primus knew of the inmate attacks.

### III.  DISCUSSION

Under the law of this circuit, prison officials can be liable for exhibiting deliberate indifference to a known danger. ***Brown v. Hughes***, 894 F.2d 1533, 1537 (11th Cir. 1990).  However, the known risk of injury must have been a strong likelihood, rather than a mere possibility, before an official's failure to act can constitute deliberate indifference.  ***Edwards v. Gilbert***, 867 F.2d 1271, 1276 (11th Cir. 1989). ***See also Farmer v. Brennan***, 511 U.S. 825, 114 S. Ct. 1970, 1977-79; 128 L.Ed.2d 811 (1994)(for a claim based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm; to be liable, the prison official must know of and disregard an excessive risk to inmate health or safety).

Prison officials may also be liable for acting with deliberate indifference to a serious medical condition.  ***See Estelle v. Gamble***, 429 U.S. 97, 104 (1976)(Establishing deliberate indifference to a prisoner's serious medical needs violates the eighth amendment because the denial is tantamount to "unnecessary and wanton infliction of pain.").

### IV.  RECOMMENDATIONS OF DISMISSAL

In the instant action, plaintiff has failed to state a claim under § 1983 against defendants Rodregus Scott, Devon Lamar and Kieth Lamar because he has not satisfied the second threshold requirement of showing that the deprivation of his constitutional rights was committed by a person acting under color of state law.  The Supreme Court has defined "acting under color of law" as acting with power possessed by virtue of the defendant's employment with the state. ***Edwards v. Wallace Community College*** , 49 F.3d 1517, 1522 (11th Cir. 1995); ***West v. Atkins***, 487 U.S. 42, 49(1988).

The initial inquiry is whether the defendants were acting pursuant to the power they possessed by state authority or whether they were acting only as private individuals. *Edwards*, 49 F.3d at 1523, quoting *Monroe v. Pape*, 365 U.S. 167, 184 (1961). Plaintiff has not claimed that defendants Rodregus Scott, Devon Lamar and Kieth Lamar are state employees or possessed power by virtue of their relationship with the state. Rather, plaintiff states in his complaint that they were fellow inmates. Thus, he has failed to state a claim under § 1983 because he has not satisfied the threshold requirement that he allege the deprivation of his constitutional rights by a defendant acting under color of state law. Accordingly, IT IS RECOMMENDED that the claims against Rodregus Scott, Devon Lamar and Kieth Lamar be **DISMISSED** and that they be terminated as defendants.

In addition, it appears that although Steven Mayweather and S. McGee are named as defendants, plaintiff has failed to state any allegations against them under § 1983 or otherwise. Therefore, no action can be maintained against these defendants, and **DISMISSAL** is appropriate prior to ordering service upon them. **IT IS SO RECOMMENDED.**

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these **RECOMMENDATIONS** directed to the district judge to whom this case is assigned, by filing the same in writing with the Clerk **WITHIN TEN (10) DAYS** after being served with a copy.

### *V. ORDER FOR SERVICE*

At this juncture, the undersigned cannot find that plaintiff's claims against **SHERIFF TOMYLN PRIMUS** and **RICK BROWN** are wholly without merit. Therefore, service upon these defendants is necessary.

Accordingly, IT IS HEREBY ORDERED AND DIRECTED that service be made as provided by law upon defendants **SHERIFF TOMYLN PRIMUS** and **RICK BROWN**; that a WAIVER OF REPLY, an ANSWER <u>or</u> such other response as may be appropriate under Rule 12 of the FEDERAL RULES OF CIVIL PROCEDURE, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said defendants as required and permitted by law.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address.  **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

### ☞  DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute.  Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositve motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to <u>FILE</u> original motions, pleadings, and correspondence with the Clerk of Court; to <u>SERVE</u> copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions, pleadings, and discovery filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

### DISCOVERY

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF DEFENDANT FROM WHOM DISCOVERY IS SOUGHT BY PLAINTIFF. DEFENDANT SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by defendant, unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court.  This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion.

The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline. DISCOVERY MATERIALS SHALL NOT BE FILED WITH THE CLERK OF COURT.

**NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!**  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

☞         **REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

Dismissal of this action or requests for judgment will <u>not</u> be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities.  DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

**DIRECTIONS TO CUSTODIAN OF PLAINTIFF**

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the **WARDEN** of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall *each month* cause to be remitted to the Clerk of this court **TWENTY PERCENT (20%)** of the preceding month's <u>income</u> credited to plaintiff's account at said institution until the $250.00 filing fee has been paid in full.

In accordance with provisions of the *Prison Litigation Reform Act*, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of court *each month* until the filing fee is paid in full, *provided* the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $250.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all pretrial matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and all proceedings in a jury or nonjury civil matter and to order the entry of judgment in a case upon the written consent of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞ After the filing of responsive pleadings by defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented.  Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office **WITHIN FIFTEEN (15) DAYS**.

Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients.  However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED**, this 9th day of September, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE