IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CALVIN EVANS,<br><br>　　　　　　Plaintiff<br><br>VS.<br><br>TOMYLN PRIMUS, *et al.*,<br>　　　　　　Defendants | NO. 5:05-CV-261 (CAR)<br><br>**PROCEEDINGS UNDER 42 U.S.C. § 1983**<br>**BEFORE THE U.S. MAGISTRATE JUDGE** |

# RECOMMENDATION

Before the court is the defendants' motion seeking summary judgment against plaintiff CALVIN EVANS in the above-styled case. Tab #41. On February 18, 2009, the undersigned notified plaintiff EVANS that a motion seeking summary judgment had been filed against him and ordered him to file a response to that motion within thirty days. Tabs #42. The plaintiff has **failed to respond** to the defendants' motion. Nevertheless, it is the obligation of the court to ensure that the standards for summary judgment are met.

### SUMMARY JUDGMENT STANDARD

As previously indicated to the plaintiff in the court's notice (Tab #42), Rule 56(c) of the Federal Rules of Civil Procedure dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are <u>no</u> genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment <u>cannot rest on his pleadings</u> to present an issue of fact but <u>must make a response</u> to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts which exist in the case which must be presented to a jury for resolution. ***See Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir.1984).

## DISCUSSION

Plaintiff EVANS has failed to respond to defendant's motion for summary judgment despite specific direction from the court to do so. Accordingly, based upon the defendants' motion and the other records provided, this court finds the facts herein to be as set forth by the defendants in their STATEMENT OF MATERIAL FACTS NOT IN DISPUTE and further finds that there is no genuine dispute on any issue.

Plaintiff alleges that his constitutional rights were violated while he was in custody at the Hancock County Detention Center. Specifically, he claims that the defendants failed to protect him from a violent assault by other inmates while in custody and, as such, should compensate him for his resulting injuries, namely, two broken teeth and an injured elbow. Plaintiff further alleges that the defendants failed to provide him with constitutionally adequate care for his dental injuries which are still causing pain.

Plaintiff Evans' claims that his constitutional rights were violated by the defendants are not substantiated by the evidence in the record. The defendants have submitted a brief as well as evidence in support of their motion. This evidence shows that the plaintiff's constitutional rights were not violated by the defendants. Therefore, no deprivation of the plaintiff's constitutional rights under 42 U.S.C. §1983 has been established.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof. The clerk is directed to serve the plaintiff with a copy of this recommendation by mailing it to the LAST ADDRESS provided by him.

SO RECOMMENDED this 7th day of April, 2009.



          CLAUDE W. HICKS, JR.
          UNITED STATES MAGISTRATE JUDGE