THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CALVIN EVANS, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action |
| : | No. 5:05-cv-261 (CAR) |
| TOMLYN T. PRIMUS, Sheriff, : | |
| RICK BROWN, STEPHEN McGHEE, : | |
| STELLA BAKER, and : | |
| MALINDA GRIFFIN, : | |
| : | |
| Defendants. : | |

**ORDER ON RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case is before the Court on the Recommendation of the United States Magistrate Judge that Defendants' Motion for Summary Judgment be granted. Plaintiff did not respond to the Motion for Summary Judgment and has entered no objection to the Recommendation that the Motion be granted. Upon review of the Recommendation and the record in the case, the Court agrees with the findings of the Magistrate Judge. Accordingly, the Recommendation (Doc. 43) is hereby **ADOPTED AND MADE THE ORDER OF THE COURT**.

Summary judgment is warranted in this case due to the lack of evidence that any of Defendants violated Plaintiff's constitutional rights.  Because Plaintiff did not respond to the Motion for Summary Judgment, the only factual material from Plaintiff is found in his Complaint, which in itself fails to set forth sufficient information to support a claim that his constitutional rights were violated.  The Complaint states that on July 17, 2005, Plaintiff was assaulted by three fellow inmates while he was detained at the Hancock County Jail.  The Complaint further states that Plaintiff was taken to a doctor and then to a hospital following the assault, but alleges that he was denied dental care for injuries to his teeth.

Because he was a pretrial detainee and not serving a sentence of conviction, his constitutional claims based on conditions of confinement arise under the due process provisions of the Fourteenth Amendment, rather than under the cruel and unusual punishments provisions of the Eighth Amendment.  Bell v. Wolfish, 441 U.S. 520, 535 (1979).  Under either provision, however, the standard is the same.  Cottone v. Jenne, 326 F.3d 1352, 1358 (11th Cir. 2003).  To establish a constitutional violation for failure to protect against the assault of fellow detainees, Plaintiff must show that there existed a substantial risk of serious harm, that the Defendants had knowledge of the risk, and that the Defendants failed to respond to that risk in a reasonable manner. Id.

In this case Plaintiff has presented no evidence or allegations to show that any of the Defendants was aware of a risk that Plaintiff would be assaulted. Defendants have presented undisputed testimony that they were not aware of any threat to Plaintiff from the three inmates who assaulted him or of any general threat to Plaintiff's safety. Although the evidence does show that Plaintiff had been involved in an altercation with another inmate approximately three weeks earlier, there is no evidence that incident was related to the later assault. Plaintiff and the inmate involved in that prior altercation were removed from general population and housed in holding cells until the other inmate was released. There is also no indication that Defendants were aware of any threats to Plaintiff from the three inmates who assaulted him or from other inmates. The Jail Administrator, Defendant Malinda Griffin, has testified by affidavit that Plaintiff never informed any member of the jail staff that he feared he was in danger from any other inmate. Griffin Aff. ¶ 11 (Doc. 41 Ex. 4). Griffin has testified that Plaintiff in fact insisted on being removed from the holding cell and being returned to general population. Id. ¶ 21. Two of the inmates involved in the assault were charged with affray. Id. ¶ 31. The evidence in the record, construed in the light most favorable to the Plaintiff, does not provide a basis for finding that the Defendants acted with deliberate indifference to a known risk of serious injury.

With regard to his claims for denial of medical care, Plaintiff has failed to present evidence that any of the Defendants acted with deliberate indifference to any serious medical need.  Instead, the record shows that Defendants took reasonable steps to provide medical care for Plaintiff during his incarceration and after the assault.  As a result of the assault on July 17, 2005, Plaintiff complained of a "busted lip," a loose tooth, and pain in his elbow.  Griffin Aff. Ex. D.  In his Complaint, Plaintiff admits that he was taken to the doctor and to the hospital after the assault.  This is confirmed by medical records submitted by Defendants.  The jail records show that Plaintiff was seen by the jail's doctor again on July 25, on August 5, on September 8, and on October 21.  The records also show that he visited a dentist on September 13 and again on September 22.  These records of frequent medical attention are not challenged by any evidence from Plaintiff, and Plaintiff has therefore failed to show that there was an objectively insufficient response by the Defendant jail officials to his medical needs.

Plaintiff has failed to present evidence, sufficient to create a genuine issue of material fact, that shows that he suffered a violation of his Constitutional rights.  As a result, Defendants are entitled to judgment as a matter of law.  Defendants have also raised a number of technical defenses, including failure to exhaust administrative remedies, sovereign immunity, and qualified immunity.  These defenses also have

merit, but need not be considered in detail, given the lack of evidence to support Plaintiff's claims on the merits.

Accordingly, Defendants' Motion for Summary Judgment (Doc. 41) is hereby **GRANTED**, and the Clerk of Court is directed to enter judgment in favor of Defendants as to all claims[1].

It is SO ORDERED this 8th day of June, 2009.

                                S/ C. Ashley Royal
                                C. ASHLEY ROYAL, JUDGE
                                UNITED STATES DISTRICT COURT

chw

---

[1] This case was consolidated with another action arising from the same facts, <u>Evans v.Primus</u>, Civil Action No. 5:05-cv-280. Judgment for Defendants is to be entered in both cases.